**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JOSHUA PHILLIPS**                                                                            **PLAINTIFF**

**v.**                                        **No. 3:15-CV-00204-JTK**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                               **DEFENDANT**

<u>**ORDER AFFIRMING THE COMMISSIONER**</u>

Joshua Phillips was found disabled as of August 5, 2008. (R. at 12). On redetermination, the administrative law judge (ALJ) found that Phillips's disability ended as of February 15, 2012. (R. at 21). The Appeals Council denied review of the ALJ's decision. (R. at 1). That decision now stands as the Commissioner's final decision for judicial review. Phillips has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court affirms the ALJ's decision.

**I.      The Commissioner's Decision**

The ALJ noted that, at the time of the Comparison Point Decision (CPD), Phillips had the residual functional capacity (RFC) to perform sedentary work except that he required constant position changes from sitting to standing and back again; could only occasionally climb, stoop, kneel, crouch, and crawl; could not balance; could not work at unprotected heights or be exposed more than occasionally to extremes of cold or humidity; and required unscheduled breaks in excess of the customary thirty minutes for lunch and two fifteen minute breaks per day. (R. at 14). The ALJ found that, as of February 15, 2012, Phillips had the severe impairments of pain disorder associated with medical and psychological factors; intermittent explosive disorder; dependent and

antisocial personality traits; and history of two back surgeries with chronic back pain; lumbar spondylosis; right leg pain; right lower extremity neuropathy; and obesity. (R. at 14). The ALJ then found that Phillips had experienced medical improvement, resulting in Phillips's RFC increasing to the point that he can perform sedentary work except that he cannot climb ladders, ropes, or scaffold; can only occasionally bend, stoop, crouch, and crawl; cannot be exposed to unprotected heights; cannot have contact with the general public; can have no more than occasional changes to the workplace setting; can only have interpersonal contact that is incidental to the work performed; is capable of one to two step tasks; is limited to work with few variables; requires simple, direct, and concrete supervision; and is limited to SVP-1 or SVP-2 jobs that can be learned in thirty days. (R. at 16–17). While Phillips was found unable to perform his past relevant work, he was found capable of performing other jobs that exist in significant numbers in the national economy, such as final assembler, table worker, and eyeglass polisher. (R. at 20–21). Consequently, the ALJ found that Phillips was no longer disabled as of February 15, 2012. (R. at 21).

## II.     Discussion

Phillips contends that substantial evidence does not support the decision of the ALJ. He asserts that the ALJ improperly relied on a consultative examination and that the state agency failed to provide necessary records to the examining physician. Further, he argues that additional records provided after the ALJ's decision was issued demonstrate that he had not experienced medical improvement.

The Court's role is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is evidence that that a reasonable mind

would find adequate to support a decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). This is less than a preponderance but more than a scintilla. *Id.*

While Phillips correctly states that a one-time consultative examination is not generally substantial evidence, *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998), the single consultative examination is not the only evidence that the ALJ considered. The ALJ considered other examinations, Phillips's testimony, reported activities of daily living, and his medical records from other providers. (R. at 14–19). Most of the treatment records provided by Phillips reflect routine check-ups and prescription renewals.  (R. at 272–80, 370–406).  As the ALJ considered and relied upon all this evidence, remand is not warranted for the ALJ's reliance on the consultative examination.

Phillips also points the Court to 20 C.F.R § 404.1517, which requires the Commissioner to provide "any necessary background information about [claimant's] condition" to any provider performing a consultative examination. Phillips observes that a psychological consultative examination notes that the agency provided no medical information to the examining doctor. (R. at 282). By extension, Phillips argues that no such information was provided to the physician who performed his physical examination, which contains few notes regarding Phillips's medical history. (R. at 296).

This argument fails. Phillips's argument is conjectural, merely assuming— without proof—that the agency failed to provide information. Furthermore, Phillips has not indicated what necessary information the consultative physician did not receive. Nothing in the record indicates that the examining physician needed any additional information to satisfactorily complete the examination.

Finally, Phillips contends that records provided after the issuance of the ALJ's decision show that he had not experienced medical improvement. The Appeals Council did not consider a number of these records, as it found them to be immaterial. (R. at 2).

This Court has no jurisdiction to review the decision of the Appeals Council, because such decisions are not final agency actions. *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995). The Court's duty, rather, is to determine whether the ALJ's decision is supported by substantial evidence on the record as a whole, including any new material evidence. *Id.* "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Additional evidence must be more than merely cumulative of other evidence in the record to be considered "new," and it is not "material" if it merely details conditions that are acquired or deteriorate after the ALJ's decision. *Bergman v. Apfel*, 207 F.3d 1065, 1069–70 (8th Cir. 2000).

Most of the records that Phillips refers to concern dates of service subsequent to the ALJ's decision. (R. at 84–87, 91–114, 413–15). Those that refer to care preceding the ALJ's decision show only routine care. (R. at 370–406). Phillips received some treatment less than a week after the ALJ's decision. (R. at 413–15). However, this single date of service does not detract from the substantiality of the evidence supporting the ALJ's decision. The other additional evidence might show deterioration of Phillips's condition, but all such records are subsequent to the ALJ's decision and are therefore immaterial to this case. Phillips may submit those records with a new application for benefits, but they do not warrant remand of the ALJ's decision in this instance.

### III.    Conclusion

A reasonable mind would find that the evidence is adequate to support the ALJ's

decision. The decision of the ALJ is hereby affirmed.

It is so ordered this 3rd day of June, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE